**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BRUCE SENATOR, | No. CV 11-4192-UA (PLA) |
|     Plaintiff, | **ORDER TO SHOW CAUSE RE REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES** |
| v. | |
| MATTHEW CATES, et al., | |
|     Defendants. | |

Plaintiff, a California state prisoner proceeding pro se, seeks leave to file a Civil Rights Complaint without prepayment of the full filing fee. For the reasons explained below, the Court concludes that 28 U.S.C. § 1915(g) prevents plaintiff from proceeding in this action without prepayment of the full filing fee.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), a prisoner is generally barred from bringing a new civil case or appeal of a civil case in federal court without the prepayment of the full filing fee if the prisoner has filed at least three prior civil cases in federal court while he was incarcerated that were dismissed as frivolous, malicious, or for failing to state

a claim upon which relief may be granted.[1] O'Neal v. Price, 531 F.3d 1146, 1147 (9th Cir. 2008); Andrews v. Cervantes, 493 F.3d 1047, 1049 (9th Cir. 2007). Section 1915(g), commonly known as the "three strikes" provision (see Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005)), "requires so-called 'frequent filer' prisoners" -- who have had at least three federal civil cases or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim -- "to prepay the entire filing fee before federal courts may consider their civil actions and appeals." Smith v. Veterans Admin., 636 F.3d 1306, 1309 (10th Cir. 2011) (citation omitted); Andrews v. King, 398 F.3d at 1116 n.1. When a district court dismisses an in forma pauperis ("IFP") complaint during the court's initial screening of the complaint pursuant to the PLRA on the basis that the complaint is frivolous, malicious, or fails to state a claim, that dismissal imposes a § 1915(g) strike against the plaintiff, "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal, 531 F.3d at 1153; see id. at 1151-53 (noting that in accordance with the PLRA, a district court screens a prisoner plaintiff's lodged IFP complaint before it is filed to determine if it contains a cognizable claim, and holding that a district court's denial of a plaintiff's request to proceed without prepayment of the full filing fee at the screening stage (on the basis that the complaint is frivolous, malicious, or fails to state a claim) meets the strike requirement of § 1915(g)).

Pursuant to § 1915(g), a prisoner with three or more strikes cannot proceed IFP without prepayment of the full filing fee unless the prisoner plaintiff demonstrates that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Andrews v. King, 398 F.3d at 1116 n.1; see also Andrews v. Cervantes, 493 F.3d at 1052-55 (discussing exception under Section 1915(g) for an IFP complaint from a prisoner "under imminent danger of serious physical injury"). To meet the § 1915(g) exception, a plaintiff must make "specific, credible allegations" showing that

---

[1] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding ... [without prepayment of the full filing fee] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

he was under imminent danger of serious physical harm at the time the Complaint was filed or lodged. Smith, 636 F.3d at 1309. (internal quotations and citation omitted); Andrews v. Cervantes, 493 F.3d at 1052-53.

Plaintiff has filed numerous previous actions in this District Court. Relevant to the Court's determination herein, court records indicate that plaintiff has filed at least four previous actions in this District Court and at least one appeal in the Ninth Circuit Court of Appeals that constitute strikes under § 1915(g).[2] First, plaintiff brought two prior actions in this District Court that were dismissed after plaintiff's requests to proceed without prepayment of the full filing fees were denied under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[3] Those cases are Bruce Richard Senator v. Orange County, et al., Case No. CV 99-11309-UA (denied as Heck barred and as being legally and/or factually patently frivolous (see Docket Entry No. 2)), and Bruce Richard Senator v. City of Irvine, et al., Case No. CV 03-827-UA (PLA) (denying plaintiff's civil rights claims as barred by Heck (see Docket Entry No. 2)). The Court's findings that plaintiff's claims in Case Nos. CV 99-11309-UA and CV 03-827-UA (PLA) were barred by Heck necessarily mean that those actions were frivolous and/or failed to state a claim upon which relief could be granted. See Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997) (civil rights claim that was properly dismissed under Heck "failed to state a cognizable claim"); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996) (finding "legally frivolous" under 28 U.S.C. § 1915 a claim brought pursuant to 42 U.S.C. § 1983 found to be barred by Heck); Schafer v. Moore, 46 F.3d 43, 45 (8th

---

[2] Judicial notice may be taken of court records. See Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126.

[3] Under Heck, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. Id. Thus:
> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- **if** success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) (emphasis in original).

1 | Cir. 1995) (§ 1983 claim "properly dismissed for failure to state a claim," where plaintiff's complaint was barred by Heck). Accordingly, the District Judge's dismissals of plaintiff's IFP complaints after denying leave to file without prepayment of the full filing fees in Case Nos. CV 99-11309-UA and CV 03-827-UA (PLA) are counted herein as plaintiff's **first and second strikes** under § 1915(g). See O'Neal, 531 F.3d at 1153; see also Smith, 636 F.3d at 1312-13 (claim dismissed under Heck was "dismissed for failure to state a claim" and constituted "a strike under § 1915(g)"); Davis v. Kansas Dept. of Corrections, 507 F.3d 1246, 1249 (10th Cir. 2007) (finding frivolous § 1983 claim barred by Heck, and assessing strikes under § 1915(g)); Hussar v. Touchette, 2011 WL 1769081, at *1-2 (D. Mont. May 6, 2011) (dismissing as frivolous action brought pursuant to § 1983 that was barred by Heck and finding that the action counted as a strike under § 1915(g)); Bell v. Dileo, 2011 WL 1327711, at *2-3 (E.D. Cal. April 5, 2011) (plaintiff's two prior civil rights claims dismissed under Heck counted as strikes under § 1915(g)); Burks v. Zarate, 2010 WL 5420157, at *2 (W.D. Wash. Nov. 26, 2010) (dismissal of § 1983 action barred by Heck "constitutes a strike for the purposes of 28 U.S.C. § 1915(g)").

Next, the Court counts plaintiff's actions in Bruce Richard Senator v. California Department of Corrections, et al., Case No. CV 99-11417-UA, and Bruce R. Senator v. Dr. G. Chaffe, et al., Case No. CV 09-9247-UA (PLA), which were dismissed after plaintiff's requests to proceed without prepayment of the full filing fees were denied for failing to state a federal claim and for being frivolous, as plaintiff's **third and fourth strikes** under 28 U.S.C. § 1915(g). Specifically, in Case No. CV 99-11417-UA, plaintiff was denied leave to file the action without prepayment of filing fees on the basis that plaintiff's claims were "[l]egally and/or factually patently frivolous" and there was no indication that plaintiff could successfully prosecute his claims based on the cases and facts alleged. (See Docket Entry No. 2, Case No. CV 99-11417-UA). With regard to Case No. CV 09-9247-UA (PLA), the Court's Attachment to Order Denying Plaintiff's Application to File Action Without Pre-Payment of Full Filing Fee reveals the Court's express finding that plaintiff's claims were "insufficient to state a federal civil rights claim against any defendant," and the facts alleged in the complaint did "not constitute a federal civil rights violation." (See Docket Entry No. 2, Case No. CV 09-9247-UA (PLA)). Since the District Judge clearly denied plaintiff's requests for leave

to proceed without prepayment of full filing fees in Case Nos. CV 99-11417-UA and CV 09-9247-UA (PLA) because plaintiff's claims were frivolous and failed to state claims upon which relief could be granted, those dismissed cases constitute strikes under § 1915(g).[4] See O'Neal, 531 F.3d at 1153; see also id. at 1156 (district court's dismissal of plaintiff's complaint counted as § 1915(g) strike, where it was clear from the reasoning adopted by the district court that the complaint failed to state a claim); Bell, 2011 WL 1327711, at *3 (counting as § 1915(g) strikes plaintiff's past actions where plaintiff was denied leave to pursue civil actions IFP and without prepayment of full filing fees on the basis that the actions were frivolous and failed to state a claim).

Furthermore, plaintiff's appeal of the dismissal of his complaint in Case No. CV 09-9247-UA (PLA) to the Ninth Circuit Court of Appeals (Ninth Circuit Case No. 08-80084) constitutes plaintiff's **fifth strike** under § 1915(g), as the Ninth Circuit denied plaintiff's appeal on the basis that it was "so insubstantial as to not warrant further review" -- i.e., plaintiff's appeal was frivolous. (See March 10, 2010, Order, Docket Entry No. 7, Case No. CV 09-9247-UA (PLA)). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a pleading is "frivolous"

---

[4] Plaintiff has brought additional civil actions in this District Court while he was incarcerated that arguably could also be counted as strikes pursuant to § 1915(g). In Bruce R. Senator v. California Rehabilitation Center, Case No. CV 00-5973-UA; Bruce Senator v. California Rehabilitation Center, et al., Case No. CV 00-5974-UA; and Bruce R. Senator v. Jo Ann Gordon, Warden, et al., Case No. CV 00-5975-UA, the District Judge denied plaintiff's requests for leave to file the actions without prepayment of full filing fees on the basis that plaintiff had not properly exhausted administrative grievance procedures. The District Judge's denials on this basis might warrant strikes under § 1915(g). See O'Neal, 531 F.3d at 1154 n.9 (noting that a dismissal of a civil action for procedural defects, e.g., failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a), may constitute § 1915(g) strikes under certain circumstances). Further, as it appears from the District Judge's orders denying leave to file action without prepayment of full filing fees in Case Nos. CV 00-5973-UA, CV 00-5974-UA, and CV 00-5975-UA that plaintiff filed duplicative complaints containing the same deficiencies (i.e., failure to exhaust grievance procedures or provide certified copies of his trust fund statement from the last six months), the Court could construe the group of filings as malicious filings warranting a strike under § 1915(g). See Horob v. Cebull, 2011 WL 2160464, at *5 (D. Mont. June 1, 2011) (finding that plaintiff's duplicative and repetitious filings were malicious and qualified as a strike under § 1915(g)). However, because the Court finds that plaintiff has the five § 1915(g) strikes described above, the Court need not determine whether the dismissals of Case Nos. CV 00-5973-UA, CV 00-5974-UA, and CV 00-5975-UA warrant any additional strikes under § 1915(g).

for the purposes of § 1915, if it lacks an arguable basis in law or fact); see also <u>Jennings v. Natrona County Det. Ctr. Med. Facility</u>, 175 F.3d 775, 781 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes").

Since plaintiff brought **at least** three prior actions while he was incarcerated that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted, it appears that plaintiff's request for leave to file a new Civil Rights Complaint without prepayment of the full filing fee should be denied.

**No later than July 14, 2011, plaintiff is ordered to show cause** why his request for leave to file his Civil Rights Complaint without prepayment of the full filing fee should not be denied. Plaintiff is advised that his failure to timely respond to this Order will result in the his request to proceed without prepayment of filing fees being denied and the action dismissed.

DATED: June 23, 2011

                                             PAUL L. ABRAMS
                           UNITED STATES MAGISTRATE JUDGE